# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CIVIL CASE NO. 2:12cv16-MR
# [Criminal Case No. 2:10cr2]

| | |
|---|---|
| MARCOS PATINO-REYES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER and NOTICE** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on an initial review of the Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody. [Civil Case No. 2:11cv16: Doc. 1].

Rule 4(b) of the Rules Governing Section 2255 Proceedings directs that the district court assigned a § 2255 motion should examine it promptly. When it plainly appears from any such motion and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Rules Governing Section 2255 Proceedings, Rule 4(b).

For the reasons stated herein, it appears that the Petitioner's motion is time-barred. Nevertheless, Petitioner shall be given twenty (20) days in which

to file a document explaining why he believes his Motion should not be dismissed as being time-barred.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 4, 2010, the Petitioner was charged in a Bill of Indictment with knowingly and unlawfully attempting to enter and being found in the United States after having been deported subsequent to a criminal conviction, in violation 8 U.S.C. §§ 1326(a) and (b)(2). [Criminal Case No. 2:10cr2, Doc. 1].

The Petitioner made his initial appearance before the Magistrate Judge and requested appointment of counsel. [Id., Minute Entry dated Feb. 17, 2010]. The Petitioner was appointed counsel and ordered detained. [Id., Doc. 4]. On March 8, 2010, Petitioner notified the Court of his intention to change his plea to guilty. [Id., Doc. 8]. On March 15, 2010, the Petitioner appeared with counsel before the Magistrate Judge for his Rule 11 hearing, and entered a plea of guilty to the charge in the Indictment without the benefit of a Plea Agreement. [Id., Doc. 10]. Following the standard Rule 11 colloquy, the Magistrate Judge accepted Petitioner's plea of guilty to the sole count of the Indictment. [Id.].

On August 18, 2010, the Petitioner appeared with counsel before the Court for his sentencing hearing. On September 3, 2010, the Court entered a Judgment sentencing the Petitioner to 41months of imprisonment. [Id., Doc. 16]. The Petitioner did not file a Notice of Appeal from the Court's Judgment.

On May 15, 2012, the Petitioner filed the instant Motion seeking relief under 28 U.S.C. § 2255. [Doc. 1].

## II. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Petitioner explains that his Motion is timely filed because it was filed within one year of the date the Judgment was entered, which the Petitioner contends was on August 18, 2011. [Doc. 1 at 14 ¶ 18]. The record in this matter, however, indicates that this contention is erroneous.[1] As noted above, the Judgment in the Petitioner's criminal case was entered on September 3, 2010. [Criminal Case No. 2:10cr2, Doc. 16]. The Petitioner did not file an appeal from the Judgment, and his time do so expired fourteen (14) days following entry of Judgment. The Petitioner's Judgment was final at the expiration of this fourteen (14) day time for appeal, and thus his Motion under Section 2255 must have been filed within one year of the expiration for his time for appeal, or on or about September 17, 2011. The Petitioner's Section 2255 Motion, filed May 15, 2012, appears to have been filed some eight (8) months beyond the deadline.

The Court of Appeals has directed district courts to warn pro se petitioners prior to dismissing their habeas claims as untimely where the Government has not filed a motion to dismiss based on the limitations period.

---

[1] Curiously, the Petitioner also identifies the court file number of his criminal prosecution as being 2:10cr312-01. No such file exists. The only file of this Court per taining to the Petitioner is 2:10cr002, which reflects the dates set out in this Order.

4

Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of § 2255 Motion).

Based on the foregoing, the Petitioner will be given an opportunity to explain why his Section 2255 Motion should not be dismissed as time-barred.

**IT IS, THEREFORE, ORDERED** that on or before twenty-one (21) days following entry of this Order, the Petitioner must file a document in this Court explaining why his Section 2255 Motion should not be summarily dismissed as untimely filed. **The Petitioner is advised that failure to comply with this Order could result in the summary dismissal of his Motion without further notice to him.**

**IT IS SO ORDERED.**

Signed: June 1, 2012

Martin Reidinger
United States District Judge